UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-620 (BAH) |
| v. : | |
| : | |
| ANTHONY VUKSANAJ, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Supplemental Sentencing Memorandum in response to the Court's April 25, 2022, Minute Order directing the Government to more fully explain its position regarding aspects of the Defendant's criminal history. For the reasons set forth below, the Government submits that Defendant Anthony Vuksanaj was prohibited from possessing firearms as a result of a valid 1992 felony conviction for Criminal Possession of a Loaded Firearm, Third Degree.

According to the Presentence Report (PSR), on May 15, 1992, Vuksanaj was convicted of Criminal Possession of a Loaded Firearm, Third Degree following a trial. (Doc. 34 ¶ 24).[1] Under New York State Penal Law § 265.02, the offense is a class D felony. Vuksanaj did not object to this statement in the PSR, nor does he dispute that he was convicted of this felony offense. For the avoidance of doubt, the Government attaches the disposition of that case and the transcript of the New York court's pronouncement of guilt as Exhibits A and B.

While there is no dispute that Vuksanaj was convicted of this felony offense, in his Sentencing Memorandum, defense counsel states that Vuksanaj recalled that his conviction was

---

[1] Probation obtained this information from NCIC and PSADC records. (Doc. 34 ¶ 24).

1

later reversed, and that he was subsequently re-charged with misdemeanor Fourth Degree Criminal Possession which was ultimately dismissed. (Doc. 38 at 5). Vuksanaj has not, however, provided any records supporting this contention.[2] To investigate Vuksanaj's claim that he successfully appealed his conviction, the FBI contacted the Appellate Division of the Bronx District Attorney's Office, the office that would have been initially responsible for responding to such an appeal. That office responded that it had no records of any such appeal. That office also contacted the Appellate Division of the First Judicial Department, the New York appellate court that covers the Bronx, which likewise reported no records of such an appeal. Moreover, Vuksanaj's claim that his initial charge of Criminal Possession of a Loaded Firearm in the Third Degree was later recharged as the Fourth Degree Criminal Possession charge on June 6, 1992 (Doc. 38 at 5) is contradicted by the arrest reports for both offenses, which make clear that the subsequent misdemeanor conviction (PSR ¶ 25) arose from entirely different conduct than the felony conviction. *See* Exhibit C ("Deft. was found in possession with a loaded .45 caliber handgun with 5/live rounds in clip.") *and* Exhibit D ("During a car stop deft did display knife dagger towards police officer.").

When a defendant makes an unsupported assertion challenging a fact in the PSR, the Court is permitted to rely on the information contained in the PSR. A defendant who disputes information contained in a PSR has "an affirmative duty to make a showing that the information . . . is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). "Without an affirmative showing the information is inaccurate, the court is free to adopt the findings of the [presentence report] without more specific inquiry or explanation." *Id.* (quotations and citation omitted); *see also United States*

---

[2] The Government inquired of Probation to request any such records in Probation's possession, but had no response as of the filing of this brief.

*v. Zuniga-Chavez*, 464 F.3d 1199, 1205 (10th Cir. 2006) ("Because the defendant did not argue that any persuasive contradictory evidence tended to show that he was not convicted of the crimes used to enhance his sentence, we conclude that the government has met its burden of showing the prior convictions by a preponderance of the evidence."). Accordingly, the Court is authorized to conclude based on the information in the PSR that Vuksanaj was prohibited from possessing firearms due to a prior felony conviction when he was found in his bedroom on September 30, 2021 with multiple firearms.

The Court separately has inquired whether Vuksanaj was convicted of any other felony offense that would bar him from possessing a firearm. The Government does not believe that to be the case. In particular, although he was charged with the felony offense of Criminal Mischief in the Second Degree (and three other offenses) on July 7, 2019, PSR ¶ 31, according to his criminal history report from the New York State Division of Criminal Justice Services (E-Justice Report), on April 12, 2021, Vuksanaj was ultimately convicted of Criminal Mischief in the Fourth Degree, a misdemeanor offense. *See* NY Penal Law § 145.00 ("Criminal mischief in the fourth degree is a class A misdemeanor."); Exhibit E (redacted excerpt from E-Justice report).[3] His criminal history report does not identify any other felony convictions.

Finally, Vuksanaj's additional claim about his criminal history is demonstrably false. In his Sentencing Memorandum, defense counsel states that Vuksanaj believed that his two 2021 convictions for (1) disorderly conduct/violent behavior and obstruction governmental administration in the second degree, and (2) criminal mischief and harassment, were dismissed following a "conditional discharge." (Doc. 38 at 5). On the contrary, New York state's conditional

---

[3] The PSR states only that the Defendant was convicted on April 12, 2021, of "Criminal Mischief and Harassment," but does not specify the degree. PSR ¶ 31.

discharge statute explains that a sentence of "conditional discharge" may be imposed as an alternative to both incarceration and probation. N.Y. Penal Law § 65.05. Nothing in the statute indicates that the completion of a term of conditional discharge results in dismissal.

For the reasons stated above as well as the reasons stated in the Government's Sentencing Memorandum (Doc. 37 at 18-19), Vuksanaj's long criminal history sets him apart from the majority of other January 6 defendants.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:   */s/ Alison B. Prout*
ALISON B. PROUT
GA Bar No. 141666
Assistant United States Attorney